```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF GEORGIA
                        AUGUSTA DIVISION
```

DIAL HD, INC., a Georgia           *
Corporation; and DONALD            *
BOWERS, Individually and as        *
CEO of Dial HD, Inc.,              *
                                   *
     Plaintiffs,                   *
                                   *
     v.                            *       CV 109-100
                                   *
CLEARONE COMMUNICATIONS, INC.,     *
                                   *
     Defendant.                    *
                                   *

U. S. DISTRICT COURT
Southern District of Ga.
Filed In Office
10:31 AM
May 31 20 24
M. Abers
Deputy Clerk

## O R D E R

Before the Court are Plaintiff Donald Bowers's ("Bowers") motion to vacate (Doc. 135) and motion for request for decision (Doc. 138). For the following reasons, Bowers's motion to vacate is **DENIED** and his motion for request is **DENIED AS MOOT**.

## I. BACKGROUND

The history and procedural posture of this case is complex, and the Court has already summarized the events leading to the sanctions imposed against Bowers in its July 27, 2012 Order, including a detailed description of Bowers's misconduct and bad-faith litigation. (See Doc. 92.) The Court hereby incorporates the facts as outlined in that Order and supplements them below. Furthermore, an overview of the procedural history of Bowers's

bankruptcy action, which occurred concurrently with the material events of this case, is helpful for understanding the motion before the Court. Therefore, the Court will first briefly outline the history of Bowers's bankruptcy case then describe the relevant history in this action.

Plaintiffs initiated this action on July 30, 2009 by filing suit in the Superior Court of Columbia County, Georgia, and the case was later removed to this Court. (Doc. 1, at 1.) On September 17, 2009, Bowers filed for bankruptcy under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of Georgia (the "Bankruptcy Court"). In re Bowers, No. 09-12301 (Bankr. S.D. Ga. Sep. 17, 2009), Doc. 1. Defendant was listed as a creditor in Bowers's bankruptcy action. Id. at 19. On January 28, 2011, the Bankruptcy Court issued a notice of no discharge. In re Bowers, No. 09-12301 (Bankr. S.D. Ga. Jan. 28, 2011), Doc. 146. On September 13, 2013, a final decree was issued, and Bowers's bankruptcy action was closed. In re Bowers, No. 09-12301 (Bankr. S.D. Ga. Sep. 13, 2013), Doc. 238.

While Bowers's bankruptcy action was pending, this case proceeded. On September 7, 2010, the Court granted in part and denied in part Defendant's motion to dismiss. (Doc. 37.) In the Court's September 7, 2010 Order granting the motion to dismiss, it warned Plaintiffs that "[i]f it becomes clear to the Court that Defendant is correct and this case has been brought in bad faith,

2

the Court will not hesitate to take appropriate action, including, but not limited to, imposing sanctions." (Id. at 12, n.6.) Plaintiffs then filed an amended complaint. (Doc. 38.) On September 10, 2011, Defendant answered Plaintiffs' amended complaint and asserted several defenses. (Doc. 40.) On February 25, 2011, Defendant moved for summary judgment, and in its reply to Plaintiffs' response, asked the Court to make good on its warning to sanction them. (Doc. 53; Doc. 57, at 4.) Pursuant to the Court's instruction, Defendant filed a separate motion for sanctions pursuant to Federal Rule of Civil Procedure 11. (Doc. 79.)

On July 27, 2012, the Court granted Defendant's motion for sanctions. (Doc. 92.) Because summary judgment had already been granted in Defendant's favor, the Court found Rule 11 could not serve as the basis for sanctions due the Rule's safe harbor provision. (Id. at 5-6.) Nevertheless, the Court still felt Bowers's egregious conduct warranted sanctions, and it chose to sanction him under its inherent authority. (Id. at 8-13.) The Court found paying a portion of Defendant's legal fees was an appropriate consequence for Bowers's abuse of the legal system and instructed Defendant to submit a detailed accounting of its costs and fees for this action. (Id. at 13-14.) Upon review of Defendant's submissions, the Court awarded Defendant $59,679.48 in attorneys' fees and costs. (Doc. 102, at 26.)

Bowers appealed the Court's grant of sanctions to the Eleventh Circuit, which later affirmed the Court's decision. (Docs. 103, 127.) On September 18, 2018, Defendant issued a writ of execution against Bowers, which was returned nulla bona on December 3, 2018. (Docs. 132, 134.) On January 19, 2024, Bowers moved to vacate the Court's July 27, 2012 Order imposing sanctions against him (Doc. 92). (Doc. 135.) Defendant opposes Bowers's motion. (Doc. 136.)

## II. LEGAL STANDARD

Bowers's motion to vacate is governed by Federal Rule of Civil Procedure 60. Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 60(b) motions are left "for the district court's sound discretion." Green v. United States, No. CV512-124, 2015 WL 4944808, at *3 (S.D. Ga. Aug. 19, 2015) (quoting Aldana v.

4

Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014)).

### III. DISCUSSION

Bowers makes three arguments for why the Court should vacate its July 27, 2012 Order : (1) the judgment is void because it was granted in violation of Bankruptcy Code § 362(a); (2) the judgment cannot be enforced as it has been more than ten years since its entry and it is therefore no longer valid under Georgia law; and (3) he is entitled to relief from the judgment under Rule 60(d)(2) because he was not notified of the action against him. (Doc. 135, at 1-2.) The Court addresses each of these arguments in turn.

### A. The Bankruptcy Court's Automatic Stay

Bowers's main argument is based on the applicability of the automatic stay in a bankruptcy case pending at the time sanctions were issued. (Id. at 1-3.) Bowers contends Defendant must have filed for relief from the automatic stay in the bankruptcy action before acting against Bowers or his property by seeking sanctions, and because it did not, the judgment against him was void. (Id. at 2.) Defendant argues the automatic stay ended prior to it seeking sanctions against Plaintiff, so it did not violate the automatic stay, and the judgment is valid. (Doc. 136, at 3-4.)

Whether the automatic stay was or was not lifted by the Bankruptcy Court's notice of no discharge is irrelevant because

5

the stay was inapplicable to the Court issuing sanctions against Bowers.[1] When a debtor files a bankruptcy petition, the Bankruptcy Code provides an automatic stay of most actions against the debtor or property of the estate. 11 U.S.C. § 362(a). This includes a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1). The purpose of the stay is to "give the debtors 'breathing room' after filing their petition." In re Patterson, 967 F.2d 505, 512 n.9 (11th Cir. 1992). The automatic stay is considered "one of the fundamental debtor protections provided by the bankruptcy laws." Midlantic Nat'l Bank v. N.J. Dep't. of Env't Prot., 474 U.S. 494, 503 (1986) (citations omitted). "[A]cts taken in violation of the

---

[1] Bowers also asks the Court to consider sanctions against Defendant for its alleged violation of the automatic stay. (Doc. 135, at 3; Doc. 137, at 4-5, 8-9.) Under 11 U.S.C. § 362(k)(1), "an individual injured by any willful violation of [the automatic] stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The Eleventh Circuit has recognized § 362(k) creates a cause of action, which the district court has jurisdiction over. Justice Cometh, Ltd. v. Lambert, 426 F.3d 1342, 1343 (11th Cir. 2005). Bowers's request for sanctions was mentioned for the first time in his motion to vacate and expounded upon in his reply brief. (Doc. 135, at 3; Doc. 137, at 4-5.) However, a party may not assert a new cause of action this way, and Bowers must follow the proper procedure to bring a new and independent claim against Defendant. See FED. R. CIV. P. 15; Cioffe v. Morris, 676 F.2d 539, 541 (11th Cir. 1982) ("[A] judgment may not be based on issues not presented in the pleadings and not tried with the express or implied consent of the parties." (citations omitted)); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (explaining a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow). Therefore, this issue is not properly before the Court, and his request for sanctions for violation of the automatic stay is **DENIED WITHOUT PREJUDICE**.

automatic stay are generally deemed void and without effect." In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984) (citations omitted).

While the scope of the automatic stay is broad, the Code provides exceptions that prevent the automatic stay in limited circumstances. 11 U.S.C. § 362(b). Section 362(b)(4) provides:

> (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay —
>
> . . . .
>
> (4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power[.]

Under the Bankruptcy Code,

> [t]he term "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

11 U.S.C. § 101(27).

7

"The court need not move *sua sponte* for a sanction — either before or contemporaneous with a party's motion — to preserve the court's distinct interest" in imposing sanctions. United States v. Coulton, 594 F. App'x 563, 567 (11th Cir. 2014). The Court has a strong interest in policing and deterring frivolous and abusive litigation tactics, and sanctions, including sanctions imposed in the Court's inherent power, are a means of enforcement of such interest. Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991). Exercise of such regulatory powers, when applied to police and deter egregious conduct, is government action contemplated by the exception to the automatic stay. 11 U.S.C. § 362(b)(4); Coulton, 594 F. App'x at 567.

Here, Defendant moved for, and the Court considered, sanctions against Bowers pursuant to Rule 11. (Docs. 79, 92.) However, the Court acted not on Defendant's motion, but rather on its inherent authority to sanction Bowers.[2] (Doc. 92, at 8-13.) Indeed, the Court's reliance on its inherent authority further supports the conclusion that the Court operated out of its police or regulatory powers to impose sanctions. Chambers, 501 U.S. at 43-46. The Court declined Defendant's motion under Rule 11 and

---

[2] While the Court "granted" Defendant's motion for sanctions, the Court did not grant it on Defendant's request for sanctions under Rule 11. (See Doc. 92.) Rather, the Court engaged in a thorough analysis of whether sanctions were appropriate, found them inappropriate for the reasons Defendant requested, and determined of its own volition that sanctions were appropriate under its inherent authority. (Id. at 5-13.) The Eleventh Circuit later affirmed the Court's grant of sanctions pursuant to its inherent authority based on Bowers's bad-faith litigation in this action. (Doc. 127, at 7.)

8

could have stopped there and spared Bowers monetary sanctions. But instead, the Court acted purposefully and within its discretion to implement whatever sanctions it deemed appropriate under its inherent authority, so the resulting sanction of attorney's fees did not take this action outside of § 362(b)(4). Coulton, 594 F. App'x at 566 (citing Alpern v. Lieb, 11 F.3d 689, 690 (7th Cir. 1993)). Notwithstanding that Defendant initiated a request for sanctions, the sanctions which resulted in this action "became — within the meaning of [§] 362(b)(4) — 'an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power.'" Id. at 567 (quoting 11 U.S.C. § 362(b)(4)). Because the Bankruptcy Court's automatic stay does not operate as a stay of such actions under § 362(b), the Court's imposition of sanctions did not violate the automatic stay, and the judgment is valid and enforceable.

## B. Enforceability under Georgia Law

Bowers next argues the judgment against him is no longer valid under O.C.G.A. §§ 9-12-60(a) and 9-12-61, which "operate in tandem as a ten-year statute of limitation for the enforcement of Georgia [j]udgments." (Doc. 135, at 1 (citing Corzo Trucking Corp. v. West, 636 S.E.2d 39, 40 (Ga. Ct. App. 2006)). Defendant contends "the judgment was renewed for an additional seven years pursuant to O.C.G.A. §§ 9-12-60 et seq. on or about December 2, 2018, when a scire facias was requested, a writ of execution was issued, and

a nulla bona return was filed by the U.S. Marshal." (Doc. 136, at 4 (citing Docs. 132, 133).) Bowers argues any "renewal" was not properly served to him, so he is entitled to set it aside. (Doc. 137, at 6.)

Under Georgia and federal law, enforcement of district court judgments is generally subject to the same rules as Georgia judgments. FED. R. CIV. P. 69; O.C.G.A. § 9-12-132. Therefore, the ten-year statute of limitations applies to the judgment against Bowers in this Court. Corzo Trucking, 636 S.E.2d at 40. The "statute of limitations" consists of two parts: first, a judgment becomes dormant if seven years elapse after judgment "*before execution is issued thereon*"; and second, if a judgment becomes dormant, it may be revived within three years. O.C.G.A. §§ 9-12-60(a)(1) (emphasis added); 9-12-61. A bona fide public effort to enforce execution of the judgment will prevent it from becoming dormant under the first prong of the statute of limitations. O.C.G.A. § 9-12-60(a)(3). Indeed, execution at such times and periods that seven years does not elapse between attempts and proper entry as provided by statute will allow the judgment to continuously run and prevent dormancy. Ryals v. Widencamp, 190 S.E. 353, 354 (Ga. 1937); Cronic v. Chambers Lumber Co., 292 S.E.2d 852, 853 (Ga. 1982) (citation omitted), *certiorari denied* 459 U.S. 1073 (1982).

Here, the judgment for sanctions was entered against Bowers on July 27, 2012. (Doc. 92; Doc. 127.) More than six years later, Defendant filed a writ of execution on September 18, 2018, and the return on the writ was filed on December 3, 2018. (Docs. 132, 134.) Rule 69(a) addresses writs of execution in post-judgment proceedings in federal courts. See FED. R. CIV. P. 69(a)(1). Under Rule 69(a), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Id. Thus, the amended money judgment here is enforced by way of a writ of execution. Rule 69(a) also provides, "[t]he procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Rule 69(a) therefore adopts state procedures for execution only to the extent there is no applicable federal statute or rule. See id. Thus, a bona fide public effort to enforce the judgment was properly issued on September 18, 2018. (Doc. 132.)

Because Defendant made a bona fide public effort to enforce execution of the judgment before seven years elapsed from entry of judgment and seven years has not elapsed since this effort, the judgment against Bowers never became dormant and therefore there was and is no need to renew the judgment against him. See Ryals, 190 S.E. at 354; Cronic, 292 S.E.2d at 853. Because there was no need to renew the judgment, there was no need to file a notice of

11

renewal with the Court nor was there any need to re-serve Bowers or serve him with notice of renewal.[3] <u>Hollis v. Lamb</u>, 40 S.E. 751, 754 (Ga. 1902) (explaining active efforts to enforce execution are sufficient to prevent the dormancy of a judgment, and it is not necessary that there should be any entry other than those required to be made on the execution); <u>see also</u> FED. R. CIV. P. 69; O.C.G.A. § 9-13-10. The judgment against Bowers is valid under Georgia law, and Bowers's motion to vacate on these grounds is **DENIED**.

## C. Rule 60(d) Notification

Finally, Bowers moves under Rule 60(d)(2) for relief from the judgment because he was never provided with notice of the proceeding taking place in November 2018. (Doc. 135, at 2.) Defendant contends Bowers was provided notice of all judgments and Bowers provides no authority for why judgment should be set aside just because he claims to have not received a copy of the 2018 writ. (Doc. 136, at 4.)

Rule 60(d)(2) provides, "[t]his rule does not limit a court's power to . . . grant relief under 28 U.S.C. § 1655 to a defendant

---

[3] To the extent Bowers contends the 2018 writ was not a bona fide effort to enforce the judgment because it allegedly resulted in a writ of execution against his family home, the Court is not convinced. (Doc. 135, at 2; Doc. 137, at 5.) Although Bowers alleges a lien was entered in the amount of the judgment and attached several documents concerning other proceedings between him and Defendant, there is no evidence *this* proceeding resulted in such a lien. (<u>See</u> Docs. 135, 137.) Indeed, the writ of execution resulted in a nulla bona return, meaning no property, real or otherwise, was seized. (Doc. 134.) The result of judgments in other proceedings has no bearing on the Court's consideration of the validity of the judgment Bowers challenges here. A monetary judgment was entered against Bowers, and his reliance on statutes involving liens on real property is misplaced. (<u>See</u> Doc. 92.)

12

who was not personally notified of the action." 28 U.S.C. § 1655 deals with absent defendants, meaning those who cannot be served or do not voluntarily appear in an action. Under § 1655, when these defendants move within one year after final judgment and enter appearance, the Court shall set aside the judgment against them and permit them to plead on payment of such costs.

Bowers's reliance on Rule 60(d)(2) is misplaced for multiple reasons. First, § 1655 involves defendants who were never served or appeared, but Bowers initiated this action. (See Doc. 1, at 7.) Therefore, he is not the type of party § 1655 anticipates because he is not and has never been absent as this is *his lawsuit*. Second, even if Bowers were an "absent defendant,", he did not move within one year of final judgment. Final judgment and sanctions were entered in 2012. (Docs. 76, 77, 92.) Bowers first challenged this judgment under § 1655 in 2024. (Doc. 135.) Therefore, even if he was the type of party anticipated by § 1655, his motion is untimely. Bowers has therefore not demonstrated relief is proper under Rule 60(d)(2) and his motion is **DENIED** on this ground.

## D. Other Arguments

In his reply, Bowers indicates the "record in this case needs clarification," and then proceeds to make arguments attacking the basis for sanctions concerning Defendant's alleged conduct. (Doc. 137, at 6-9.) The Court has already considered and ruled on

13

similar arguments by Bowers. (See Docs. 37, 76, 92.) To the extent Bowers moves for reconsideration of these Orders, the Court takes his arguments under consideration.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and

failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. "[I]f a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Bowers raised these arguments eleven years after a final order was entered, so the Court analyzes his motion under Rule 60. See Brown, 2011 WL 4543905, at *1; Ray, 326 F.3d at 1177 n.1. Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of

15

Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (citing FED. R. CIV. P. 60(b)) (internal quotation marks omitted).

Bowers's renewed arguments concerning his conduct and Defendant's alleged misconduct are nothing more than repeat arguments the Court already considered. (See Docs. 37, 76, 92.) The purpose of a motion for reconsideration is not "to ask the Court to rethink what the Court has already thought through." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). To the extent any of Bowers's arguments were not analyzed in the Court's previous Orders and Bowers seeks to admit "new evidence" of Defendant's alleged misconduct, the Court also finds these arguments unconvincing.

First, the arguments about Defendant were available and should have been raised when judgment was entered, and thus are not appropriate for reconsideration. Gougler, 370 F. Supp. 2d at 1189; see also Am. Home Assurance, 763 F.2d at 1239. Second, the attachments Bowers relies on are from before the Court entered judgment against him in 2012, and Bowers provides no arguments or evidence he did not have them prior to judgment, therefore these exhibits are not "new evidence" under Rule 60(b). (See Doc. 137); Cherdak v. Cottone, No. 2:22-cv-634, 2023 WL 4550543, at *2 (M.D. Fla. July 14, 2023) (citing Abimbola v. Broward Cnty., 266 F. App'x 908, 911 (11th Cir. 2008))). For these reasons, Bowers's arguments

for reconsideration are without merit, and his motion to vacate is **DENIED** on these grounds.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Bowers's motion to vacate (Doc. 135) is **DENIED**.  The judgment as entered against Bowers (Doc. 92) remains valid and enforceable, and the case stands closed.  Because the Court has addressed the motion to vacate, Bowers's motion for request for decision (Doc. 138) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of May, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA