[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 24-11829

Non-Argument Calendar

---

DIAL HD, INC.,
a Georgia corporation,

Plaintiff,

DONALD BOWERS,
Individually and as CEO of Dial HD, Inc.,

Plaintiff-Appellant,

*versus*

CLEARONE COMMUNICATIONS, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:09-cv-00100-JRH-BKE

---

Before JILL PRYOR, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Donald Bowers, the chief executive officer ("CEO") of Dial HD, Inc., appeals the district court's denial of his motion to vacate the court's order granting sanctions and awarding attorneys' fees and expenses to ClearOne Communications, Inc. The instant matter arises out of a state court complaint Bowers filed against ClearOne in 2009, which ClearOne had removed to the United States District Court for the Southern District of Georgia. After removal, ClearOne moved the district court to grant summary judgment in its favor, arguing that Bowers had filed this suit in retaliation for prior events that had taken place in a case in the United States District Court for the District of Utah, in which Bowers, as a third party, had been held in civil contempt. The district court granted ClearOne's motion for summary judgment in this case, and, later, imposed sanctions under its inherent power based on Bowers's alleged bad faith in filing the suit. In December 2012, the court ordered Bowers to pay ClearOne $59,679.48 in attorneys' fees and costs, and we affirmed.

On September 18, 2018, the district court issued a writ of execution against Bowers for the full amount. The writ was returned *nulla bona*,[1] and on January 19, 2024, Bowers filed a *pro se* motion to vacate the court's judgment of $59,679.48, arguing that it was void. The district court denied the motion to vacate.

On appeal, Bowers argues that: (1) the district court erred in denying his motion to vacate because ClearOne violated the 11 U.S.C. § 362 "automatic stay" enforced during Bowers's bankruptcy proceedings; (2) the judgment was unenforceable under the ten-year statute of limitations imposed under O.C.G.A. § 9-12-60(a) and O.C.G.A. § 9-12-61; and (3) he was entitled to relief under Fed. R. Civ. P. 60(d)(2) and 28 U.S.C. § 1655 because he never received notice of ClearOne's writ of execution or the lien issued against his home. After thorough review, we affirm.

I.

We generally review the denial of a Fed. R. Civ. P 60(b) motion to vacate for abuse of discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008). However, we review *de novo* the denial of a Rule 60(b)(4) motion on the ground of voidness. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).

II.

[1] *Nulla bona* is "[a] form of return by a sheriff or constable upon an execution when the judgment debtor has no seizable property within the jurisdiction." Black's Law Dictionary (12th ed. 2024).

Under Rule 60(b)(4), the district court can grant relief of a final judgment or order if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A motion under Rule 60(b)(4) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). We will construe a motion for relief that does not specifically mention Rule 60(b) as a Rule 60(b) motion so long as the grounds in the motion would allow for relief under Rule 60(b). *Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996); *see also Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992).

Rule 60(d)(2) allows a court to "grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action" against him. Fed. R. Civ. P. 60(d)(2). Section 1655 deals with the enforcement of liens against absent defendants who cannot be served or who did not voluntarily appear. 28 U.S.C. § 1655. A party who seeks to have his judgment set aside under § 1655 must file a motion within one year after final judgment. *Id*.

A party cannot assert a new claim or cause of action in a motion to vacate, but instead must present this claim through an amended or supplemental pleading pursuant to Fed. R. Civ. P. 15. *See Cioffe v. Morris*, 676 F.2d 539, 541 (11th Cir. 1982). We will generally decline to hear an issue that was not presented in the district court and was argued for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

An "automatic stay" imposed during the course of a bankruptcy proceeding halts the enforcement of a judgement obtained before the debtor filed for bankruptcy. 11 U.S.C. § 362. Actions that violate "the automatic stay are generally deemed void and

without effect." *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984). An exception to the automatic stay is found in § 362(b)(4) which provides that "[t]he filing of a [bankruptcy] petition . . . does not operate as a stay . . . of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power. . . ." 18 U.S.C. § 362(b)(4).

Under Georgia state law, a judgment becomes dormant after seven years and cannot be enforced unless the plaintiff has made a bona fide public effort to enforce execution of the judgment. O.C.G.A. § 9-12-60(a). A judgment that becomes dormant can be renewed within three years after it becomes dormant. O.C.G.A. § 9-12-61. However, a judgment will not become dormant so long as a bona fide public effort to enforce execution of the judgment is made every seven years. O.C.G.A. § 9-12-60(a)(3); *see Cronic v. Chambers Lumber Co.*, 292 S.E.2d 852, 853 (1982). If a party makes a bona fide public effort, then no other entry or notice is required besides those that must be made on execution. *Hollis v. Lamb*, 40 S.E. 751, 754 (Ga. 1902).

Under Fed. R. Civ. P Rule 69(a)(1), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." The Rule further provides that "[t]he procedure on execution -- and in proceedings supplementary to and in aid of judgment or execution -- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P Rule 69(a)(1).

Here, the district court properly denied Bowers's motion to vacate.[2] For one thing, the motion was untimely because it was filed *11 years after* sanctions were ordered and a Rule 60 motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

It was also properly denied on the merits. As for Bowers's argument that ClearOne allegedly violated the automatic stay in Bowers's bankruptcy case, we disagree. Regardless of when ClearOne requested sanctions, the sanctions were imposed by the court pursuant to its inherent power to impose sanctions and a court's imposition of sanctions is a police power that falls under the § 363(b)(4) exception. 18 U.S.C. § 363(b)(4). Similarly, Bowers's claim that the district court's order improperly relied on *United States v. Coulton*, 594 F. App'x 563, 563–66 (11th Cir. 2014), is incorrect. *Coulton* was not a criminal case, but instead involved the appeal of a district court's order sanctioning an attorney and holding him in civil contempt. Nor are we persuaded by Bowers's argument that the court erred in not considering sanctions against ClearOne for allegedly violating the automatic stay since Bowers raised the argument for the first time in his motion to vacate and

[2] We review Bowers's motion to vacate as a Rule 60(b)(4) motion. *See Rice*, 88 F.3d at 918. Although Bowers did not mention Rule 60(b) in his motion to vacate, Bowers was not required to expressly cite Rule 60(b) and the grounds included in his motion could allow for relief under Rule 60(b). *Id*. at 918–19; *Nisson*, 975 F.2d at 806. Moreover, the district court applied the legal standard of Rule 60(b) when denying the motion. However, to the extent Bowers's brief attacks the judgment underlying the motion to vacate, we disregard it because the appeal of an order denying a Rule 60(b) motion does not extend our review to "the efficacy of the underlying judgment." *Rice*, 88 F.3d at 919.

did not properly present this claim. *See* Fed. R. Civ. P. 15; *Cioffe*, 676 F.2d at 541.

Moreover, Bowers's claim that the judgment was dormant and unenforceable under O.C.G.A. §§ 9-12-60(a) and 9-12-61 has no merit. As the record reflects, ClearOne made a bona fide public effort to enforce the judgment six years after judgement was entered by having a writ of execution filed on September 18, 2018. *See* Fed. R. Civ. P. 69(a)(1). This means that the judgment never became dormant, *see* O.C.G.A. § 9-12-60(a), so ClearOne never renewed the motion, nor did it have to provide any notice of renewal to Bowers. *See Cronic*, 249 Ga. at 723; *Hollis*, 40 S.E. at 754. Bowers's argument that he should have received notice of the lien placed on his home is likewise misplaced because there is no evidence that a lien was executed on his home stemming from the September 2018 writ.

Finally, Bowers's argument that he was entitled to relief under Rule 60(d)(2) and 28 U.S.C. § 1655 because he did not receive notice of ClearOne's 2018 writ of execution or the alleged writ on his home is incorrect. Bowers was not an absent defendant; he was the plaintiff who initiated litigation. *See* Fed. R. Civ. P. 60(d)(2); 28 U.S.C. § 1655. In any event, even if Bowers was entitled to relief under Rule 60(d)(2), he still failed to submit his motion within one-year after final judgment as required by § 1655. *Id*. And as for the new arguments Bowers raises on appeal -- including claims about his constitutional rights -- we decline to consider them since he

abandoned them by not presenting them in his motion to vacate filed in the district court. *See Access Now, Inc.*, 385 F.3d at 1331.

Accordingly, the district court properly dismissed Bowers's motion to vacate because the motion was untimely, and Bowers has not otherwise presented any meritorious arguments challenging the sanctions or the enforcement of the judgment.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 27, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-11829-AA
Case Style: Donald Bowers v. Clearone Communications, Inc.
District Court Docket No: 1:09-cv-00100-JRH-BKE

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion